IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANDREW L. JAMISON, #117604**                                                   **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 3:07-cv-351-HTW-LRA**

**CHRISTOPHER EPPS, LARRY HARDY,**
**CELESTE WILLIAMS and DAVID WALKER**                            **DEFENDANTS**

## MEMORANDUM OPINION
## DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jamison is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Delta Correctional Facility, Greenwood, Mississippi, who has filed this *in forma pauperis pro se* complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are: Christopher Epps, Commissioner of MDOC; Larry Hardy, Administration Director; Celeste Williams, DeSoto County District Attorney; and David Walker, Attorney-at-law. The Plaintiff seeks review of his convictions and sentences by the State of Mississippi for attempted armed robbery and possession of stolen property and additional testing to determine whether he carries HIV. As relief, Plaintiff is requesting a declaratory judgement, monetary damages and injunctive relief.

## Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this

---

[1] Plaintiff failed to comply with the Court's previous order directing him to complete standard § 1983 prisoner complaint forms. At this point the Court finds the completion of such forms to be unnecessary since Plaintiff has been provided ample opportunity to assert his claims in his numerous filings before the Court.

Court. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *See Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

    If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994,

995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").

In this case, Plaintiff has asserted the same allegations he previously asserted in civil action number 4:07-cv-39-P-A, filed in the United States District Court for the Northern District of Mississippi.  This previous §1983 action was dismissed on March 28, 2007, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii).  *See Jamison v. Hood, et al.*, 4:07-cv-39-P-A (N.D. Miss. Mar. 28, 2007).   The Court found Plaintiff's claims challenging the validity of his conviction and sentence barred by the United States Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 489-90 (1994). *Id.*  These claims were dismissed, without prejudice to his ability to file a habeas corpus case under 28 U.S.C. § 2254.  *Id.*  Likewise, this Court finds that Plaintiff has failed to demonstrate that his conviction and sentence has been reversed, expunged or otherwise invalidated in order to pursue these claims in the form of a § 1983 case.[2]

The Northern District of Mississippi also found Plaintiff's claims regarding his desire for HIV testing to be barred by the doctrine of *res judicata*. *Id*.  Specifically, the Court concluded "[t]he doctrine of res judicata bars the plaintiff from relitigating any claims arising out of his desire for HIV testing and any suits arising out of those events as to any parties he actually sued regarding those events. . . plaintiff's claims against Christopher Epps and Larry Hardy shall be dismissed . . ." *Id.* at 3.  The Northern District relied on a previous judgment

---

[2]The Clerk is directed to send the Plaintiff a packet of § 2254 habeas corpus forms for state prisoners challenging their conviction or sentence.  However, Plaintiff is cautioned that this Court is not reaching any determination whatsoever, regarding any possible habeas corpus claims.  The Court is simply directing that certain forms be made available to the Plaintiff.

from this Court entered on January 30, 2007, dismissing plaintiff's § 1983 case, with prejudice. *See Jamison v. Central Mississippi Correctional Facility, et al.*, 3:06-cv-507-WHB-LRA (S.D. Miss. Jan. 30, 2007).

In the case before this Court plaintiff states that on January 29, 2007, he was informed of his test results for HIV, which were negative. In addition, Plaintiff states that a subsequent HIV test on July 13, 2007, was also negative. Plaintiff complains that his second blood test for HIV should have been provided three-months after the January 2007 test. The Plaintiff is attempting to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *See Wilson*, 878 F.2d at 850 (5th Cir.1989). The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman*, 980 F.2d at 995 (5th Cir. 1993). In sum, this Court concludes that the allegations asserted in this complaint are malicious and shall be dismissed.

## Conclusion

As discussed above, the Court finds Plaintiff's allegations to be malicious based on his two previous § 1983 cases which were dismissed with prejudice. As such, this case will be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i), with prejudice.

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[3] If the Plaintiff receives "three

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

     A Final Judgment in accordance with this Memorandum Opinion will be entered this date.  Furthermore, all pending motions are hereby terminated.[4]

     **SO ORDERED AND ADJUDGED** this the 30th day of January, 2008.

                                    s/ HENRY T. WINGATE
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's claims for defamation presented in his motion to amend [19] fail to rise to the level of a constitutional deprivation.  *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988).